UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                Plaintiff,

                                          Docket No. DNYN 3:17CR00304-001

     v.

CAVYA CHANDRA,

                Defendant.
_____

## DEFENDANT CAVYA CHANDRA'S SENTENCING MEMORANDUM

The Defendant Cavya Chandra, by and through her attorney, Kimberly M. Zimmer, respectfully submits this Sentencing Memorandum in connection with her Sentencing currently scheduled for April 23, 2018.

### I.    INTRODUCTION

On October 18, 2017, Ms. Chandra appeared before Your Honor and entered a guilty plea to a One Count Criminal Information that charged her with Federal Student Loan Fraud in violation of 20 U.S.C. § 1097(a). *See* Presentence Investigation Report dated February 2, 2018 ("PSR") at ¶1. Following her plea on October 18, 2017, your Honor released Ms. Chandra on her personal recognizance with no supervision. *See* PSR ¶6.

As the Court is aware, Ms. Chandra's Plea Agreement is pursuant to Federal Rules of Criminal Procedure Rule 11(c)(1)(C) and provides for an agreed upon sentence of five-year term of probation with special conditions, including that Ms. Chandra continue to make payments to

Cornell University, and that she pay a fine of $1000, and a $25 special assessment.[1] *See* PSR at ¶1-3.

## II. CAVYA CHANDRA'S BACKGROUND, FAMILY, AND EMPLOYMENT CIRCUMSTANCES

Ms. Chandra is 26 years old, single and does not have any children. *See* PSR at ¶31, 34.

She was born in Kozhikode, India. Her family relocated to Melbourne, Australia, and later, when she was ten years old, her family relocated to Carmel, Indiana. *See* PSR at ¶35. Her parents moved their family to the United States so that Ms. Chandra and her younger brother would have better educational opportunities than what was available to them in Australia. Ms. Chandra became a naturalized United States citizen on February 10, 2011. *See* PSR at ¶31.

Ms. Chandra's parents are married, and she has one younger brother, Adit, age 21. *Id.* Her father is employed as a software engineer and her mother is a mortgage banker. Her brother is a student at Harvard University where he studies computer science. *Id.*

Although Ms. Chandra "describes her childhood as normal and happy for the most part" she also acknowledges that her parents have always had "very high expectations for her and her brother." *See* PSR at ¶32. Her parents have always placed a high value on Ms. Chandra securing the best education possible and she felt an enormous amount of pressure to succeed academically. Additionally, at times, Ms. Chandra's relationship with her mother has been strained and, at some point in their relationship, Ms. Chandra felt that her mother's love was

---

[1] As set forth in the PSR, the advisory sentencing guidelines provide for an imprisonment range of 6 to 12 months. Implicit, however, in the parties recommendation to the Court that it accept this misdemeanor Plea Agreement and impose a probationary sentence is an understanding that such a sentence is "reasonable and appropriate under the unique combination of facts and circumstances relating to the defendant, the offense of conviction, and related relevant conduct" and that such sentence "is sufficient, but not greater than necessary to adequately address the nature and seriousness of the defendant's offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant." *See* Plea Agreement.

contingent on Ms. Chandra's good grades and good looks. Ms. Chandra's parents are very successful, and growing up, Ms. Chandra acknowledges that her belief that she needed to be someone her parents would be proud of developed into an unhealthy need to fulfill their high expectations at any cost. *See* PSR at ¶32.

In part as response to the pressures Ms. Chandra felt growing up, she developed emotional issues as set forth in the PSR. *See* PSR at ¶38. As an example of how Ms. Chandra's perceptions became skewed, although she is an exceptionally bright person, in her own view, her high school performance was not at an acceptable level even though her actual GPA at Carmel High School was 3.6776, and she had excellent standardized test scores. Additionally, Ms. Chandra was diagnosed with Attention Deficit Disorder with Hyperactivity and she continues to be treated for this disorder, which treatment she describes as "life changing." Finally, Ms. Chandra's emotional health has greatly improved through other counseling she has received and the enormous relief she has experienced from making disclosures regarding her conduct.

Importantly, during the many years that she has been dealing with the stress of her conduct and despite the many setbacks that her behavior has cost her, Ms. Chandra has continued to work hard to further her education. Ms. Chandra is currently an undergraduate at the University of Indianapolis in Indiana, studying human biology. She has a 3.47 cumulative grade point average, and an anticipated graduation date of August 2018. She hopes to attend medical school after graduation. *See* PSR at ¶40. In addition to attending school, she has been employed full time by St. Vincent's Hospital and Health Care Center in Indianapolis, Indiana as a patient representative since August of 2016. *See* PSR at ¶41.

The PSR accurately sets forth additional details regarding Ms. Chandra's background, family, and other personal circumstances.

## III.  SENTENCING CALCULATIONS, ISSUES, AND RECOMMENDATIONS

### A. ADVISORY GUIDELINE CALCULATION

According to the PSR, Ms. Chandra's base offense level under the *advisory* Sentencing Guidelines is Level 6. Following a six-level increase in the base offense level based upon the guideline "loss" amount and a two-level reduction to the base offense level based upon Ms. Chandra's Acceptance of Responsibility, the Total Offense Level is 10. *See* PSR ¶¶18, 20-28. Ms. Chandra has no prior criminal history and, therefore, her Criminal History Category is I. *See* PSR at ¶¶32-33. The resulting *advisory* guideline range of imprisonment is 6 to 12 months. *See* PSR at ¶50.

### B. NON-GUIDELINE SENTENCING FACTORS– ALTERNATIVE TO §5K2.0

Application of the sentencing factors set forth in 18 U.S.C. §3553 to the facts of Ms. Chandra's case demonstrates the appropriateness of a probationary sentence as such a sentence is "sufficient, but not greater than necessary, to comply with the basis aims of sentencing."

#### 1. 18 U.S.C. § 3553 (a)(1) (Nature and circumstances of the offense and history and characteristics of the defendant)

Perhaps the single most important fact involving the offense conduct is that Ms. Chandra has consistently paid her financial obligations to Cornell (and continues to do so) even after her admission was rescinded. She has worked diligently, often at multiple jobs while attending school, to make regular and consistent payments to satisfy these obligations. In fact, after Ms. Chandra's admission was rescinded at Cornell, Cornell agreed to release a transcript to allow her to apply to another school based upon Ms. Chandra's "consistent payment history," and in an email, the Cornell representative stated, "I just want to say that I appreciate your continued payments and have faith in you continuing to do so after you receive the transcript."

4

Other factors that support the agreed upon probationary sentence include the fact that Ms. Chandra has no prior criminal history and was only 18 years old at the time of the offense conduct. Chandra has no prior criminal history of any kind. *See* PSR at ¶¶29-30. She lives a completely law-abiding life and works very hard at her job and her studies.

Additionally, Ms. Chandra's contrition is complete and earnest. During the more than four years this matter has been pending, Ms. Chandra has endured great stress and personal shame for letting herself and her family down. She has acknowledged that this matter has caused her to address some underlying emotional and family issues and she has used this opportunity to improve her relationships with her family and make other important improvements in her life.

### 2. **18 U.S.C. § 3553 (a)(2) Factors**

Section 3553(a)(2) provides additional support for the agreed upon sentence as Ms. Chandra has completely accepted responsibility for her conduct and developed significant insights into her conduct. She understands the seriousness of the offense and she respects the law. She has been specifically deterred from (and will not commit) any further criminal conduct, the public requires no protection from her, and she does not need incarceration for any educational or vocational training reasons. As for punishment, Ms. Chandra has been punished by her expulsion from several college institutions for the offense conduct, as well as the rescinding of her undergraduate degree. She has also punished herself immensely for more than four years now as she has anguished over this prosecution and through the guilt and shame she continues to experience for letting down her family and herself.

### 3. **18 U.S.C. § 3553 (a)(3) Kinds of Sentences Available**

The PSR sets forth the sentencing options available to the Court.

### 4. 18 U.S.C. §3553 (a)(4) and (a)(5) Advisory Guideline Range and Policy Statements

The *advisory* sentencing guidelines are *but one of several factors* in Section 3553(a) and are not an indication by themselves of a *reasonable* or *just* sentence for Ms. Chandra.

### 5. 18 U.S.C. §3553 (a)(6) Sentencing Disparity

Sentencing disparity is not an issue in this case.

### 6. 18 U.S.C. §3553 (a)(7) Restitution

As part of the Plea Agreement, Ms. Chandra has stipulated and agreed to the entry of an Order directing her to pay restitution to Cornell University, in the amount of $70,145.81. *See* PSR at ¶¶2, 62. The Plea Agreement specifically allows Ms. Chandra to continue to make payments under the terms of her Agreement with Cornell University and allows Ms. Chandra and Cornell to modify that Agreement. *See* PSR at ¶3.

## IV. CONCLUSION

For all of these reasons, it is respectfully requested that the Court sentence Ms. Chandra to the agreed upon sentence set forth in the Plea Agreement.

Dated: April 4, 2018

Respectfully submitted,

/s/ Kimberly M. Zimmer
KIMBERLY M. ZIMMER
Zimmer Law Office, PLLC
120 E. Washington Street, Suite 815
Syracuse, New York 13202
Bar Roll No.: 505346
(315) 422-9909